THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* WILLIAM CORCORAN, Defendant.

(County Court, Orange County, December, 1920.)

Penalties — action to recover a penalty for delivery of adulterated milk — evidence — when motion to set aside verdict denied — Agricultural Law, § 35.

> Milk is adulterated, as declared by statute, when it contains more than eighty-eight and one-half per cent of water or fluids and less than eleven and one-half per cent of milk solids.

In an action to recover a penalty for delivery of adulterated milk the defense relied upon was that the sample of milk taken from defendant's herd, showing eighty-eight and three one-hundredths per cent water and eleven and ninety-seven one-hundredths per cent solids, was not a fair sample. The proof was that defendant's dairy consisted of forty-two cows, of which twenty-three were milking, and that the sample relied upon to show a violation of the statute was taken from ten quarts of milk obtained from only five of the milking cows. *Held,* that as the requirement of section 35 of the Agricultural Law, that the sample should be taken from the mixed milk of the entire dairy or herd of cows of the producer, had not been complied with, a motion to set aside a verdict in defendant's favor will be denied.

MOTION to set aside verdict rendered by the jury in favor of the defendant.

N. D. Belknap, for motion.

Watts, Oakes & Bright, opposed.

WIGGINS, J. This action was brought to recover a penalty for delivery of adulterated milk. Milk is declared by statute to be adulterated when it contains more than eighty-eight and one-half per cent water or fluids and less than eleven and one-half per cent of milk solids. Section 35 of the Agricultural Law provides among other things that where milk is offered for sale or shipment and an analysis of a sample of the same is made with a view of prosecuting the producer of such milk, it shall be the duty of the commissioner of agriculture within ten days thereafter to take a like sample of the mixed milk of the herd of cows from which the first sample was drawn, and if the herd sample shall upon analysis prove to contain no higher percentage of milk solids or lesser percentage of water then no action shall lie against the producer for sale of such milk.

It was proven and not disputed upon the trial of the

action that an analysis of the sample of the milk taken at the creamery contained eighty-nine and fifty-eight one-hundredths per cent water and ten and forty-two one-hundredths per cent solids, showing more water and less solids than required by statute. The sample taken from the herd showed eighty-eight and three one-hundredths per cent water and eleven and ninety-seven one-hundredths per cent solids. These were facts necessary to be proven in order to permit the plaintiff to recover the penalty.

The defense relied upon was that the sample of the milk taken from the herd was not a fair sample; that if it had been, it would have shown by analysis the same percentage of water and solids as was shown by the analysis of the milk at the creamery, in which event the plaintiff could not have commenced the action against the defendant.

The defendant claimed that the inspectors of the agricultural department came to his house at seven P. M. and stated that they desired to have a sample of the milk from the herd and thereupon defendant's brother brought in thirteen cows, of which five were milked and eight cows were dry; that the defendant milked three of the cows and the defendant's brother two, which milk, amounting to about ten quarts, was mixed and from which the sample was taken. Defendant claims, however, that he had forty-two cows in all and was milking twenty-three and that he asked the inspectors to return to the barn the next morning and take a sample of the milk from the whole herd; that he could not find the rest of the cows as they had broken out of the pasture and wandered away, but that in the morning he would get all the cows together and a sample could then be taken from the milk of the whole herd. This is the substance of defendant's testimony which is corroborated by his brother.

The inspectors, however, testified that they took the sample of the herd at defendant's farm in the manner provided by statute; that they asked the defendant how many cows he owned and was milking, and to which he replied that he did not know; that defendant did not ask them to come back the next morning to make a sample of the herd and made no complaint that all the cows were not there. This presented the issue of fact upon which was submitted to the jury the question as to whether the sample of the herd was a fair sample in compliance with the statute. Said section 35 provides that in taking the herd sample it shall be a sample '' of the mixed milk of the herd of cows from which the milk as sampled was drawn,'' and it further provides that an inspector shall be present to see that the milk to be sampled is not adulterated and that it is thoroughly mixed so that the sample taken shall be a fair sample of the average quality '' of the mixed milk of the *entire* dairy or herd of cows of said producer.''

It is quite plain from the reading of this section that it was not intended that a sample could be taken from only a portion of the herd and that sample used as the basis for an analysis of the milk to be compared with the milk delivered at the creamery.

It was conceded that only five of the defendant's cows were milked. His claim is that there were others that should have been milked, but that he could not find them because they had broken out of the pasture and that he asked the inspector to return the next morning so that they could take a sample of the entire herd. The inspectors testified that no such request was made, nor did the defendant at any time state that he had any cows other than those which he was milking, nor did he at any time claim that the sample taken was unfair, nor did he protest when advised by the department that the sample taken at the farm

County Court, Orange County, December, 1920.    [Vol. 113.

showed a difference in the solids and waters when compared with the sample taken at the creamery. This, therefore, presented a sharp conflict in the testimony which was submitted to the jury and a verdict rendered in favor of the defendant.

It is not uncommon for reasonable men to differ in their conclusions as to the result which should have been reached by a jury. The court was of the opinion that the jury should have rendered a different verdict than was rendered in this case, but the question of fact was solely one for the jury and it cannot be set aside unless it was clearly against the weight of evidence.

In this case the evidence was not overwhelmingly in favor of the plaintiff and the court should not in the exercise of its discretionary power set aside the verdict. The plaintiff's claim that the herd sample taken from the five cows is sufficient under the statute cannot be sustained. If it could, then there would have been no question of fact for the jury and it would have been the duty of the court to have directed a verdict for the plaintiff.

There has been no decision involving this particular point but the courts have frequently passed upon the question of the fairness of the sample taken at the creamery or from the seller. It has been held that where several cans of milk are to be delivered to the same person, the milk in all of the cans should be thoroughly mixed before taking the sample, and where a sample is taken from one can only, such a sample is not a fair sample, and also that where milk is to be delivered to the buyer from one can, such as being dipped therefrom by a milkman, a sample taken from that particular can, which contains all of the milk from which a sale is to be made, is a fair sample.

From these conclusions, it is quite apparent that the statute, which requires that the sample shall be taken

from the " mixed milk of the entire dairy " or herd of cows of the producer, has not been complied with, when the proof shows that the dairy consisted of forty-two cows of which twenty-three were milking and that the sample relied upon to show a violation of the statute was taken from ten quarts of milk obtained from only five of the milking cows.    Motion to set aside the verdict is denied.

Motion denied.